IN UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

| | |
|---|---|
| Christy Osborne,<br><br>    Plaintiff,<br><br>vs.<br><br>Experian Information Solutions, Inc., Trans Union, LLC, and Exeter Finance, LLC,<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

NOW COMES THE PLAINTIFF, CHRISTY OSBORNE, BY AND THROUGH COUNSEL, DANIEL BRENNAN, Esq., and for her Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of McDonough, Henry County, Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

## PARTIES

5. Plaintiff is a natural person residing in City of McDonough, Henry County, Georgia.

6. The Defendants to this lawsuit are:

    a. Experian Information Solutions, Inc., ("Experian") is an Ohio corporation that conducts business in the State of Georgia:

    b. Trans Union, LLC, ("Trans Union") is a Delaware limited liability company that conducts business in the State of Georgia; and

    c. Exeter Finance, LLC ("Exeter") is a foreign limited liability company that conducts business in the State of Georgia.

## GENERAL ALLEGATIONS

7. Exeter is inaccurately reporting its tradeline ("False Tradeline") regarding an account opened in June 2014 on Plaintiff's Experian and Trans Union credit disclosures.

8. Exeter is reporting the payment status of the False Tradeline as "Charge Off" on Plaintiff's Experian and Trans Union credit disclosures. Exeter is also

reporting a charge off remark in the payment history in February 2020 on Plaintiff's Experian credit disclosure and "Charged Off as Bad Debt remark on Plaintiff's Trans Union credit disclosure.

9. On July 27, 2018, Plaintiff filed a voluntary petition for Chapter 7 Bankruptcy in the United States Bankruptcy Court for the Southern District of Florida.

10. On October 26, 2018, Plaintiff obtained her order of discharge in her bankruptcy case.

11. The Exeter tradeline is false and would tend to mislead any user of Plaintiff's credit reports as the account reflected by the False Tradeline was discharged in Plaintiff's Chapter 7 Bankruptcy case.

12. The False Tradeline should be reported by Exeter as "Discharged in Chapter 7 Bankruptcy" on Plaintiff's Experian and Trans Union credit files.

13. As currently reported, the tradeline gives the user of the credit report a far worse impression of the Plaintiff than necessary. This tradeline would foreclose the Plaintiff from credit opportunities such as cars, jobs, housing and other credit opportunities as it is damaging her credit score far more than it should be.

14. On January 18, 2021, Plaintiff obtained her credit files from Experian and Trans Union and discovered the False Tradeline reported by Exeter.

15. On or about February 5, 2021, Plaintiff, through Credit Repair Lawyers of America, submitted letters to Experian and Trans Union, disputing the False Tradeline.

16. In her dispute letters, Plaintiff explained that the account reflected by the False Tradeline is not accurate because it was included in her Chapter 7 Bankruptcy case and discharged. She attached a copy of her bankruptcy case history and order of discharge. Plaintiff asked Experian and Trans Union to remove the payment status of "Charge Off" and replace it with "Discharged in Bankruptcy" and remove all charge off remarks from the False Tradeline.

17. Experian and Trans Union forwarded Plaintiff's consumer dispute to Exeter.

18. Exeter received Plaintiff's consumer dispute from the Experian and Trans Union.

19. In response to Plaintiff's dispute, Exeter incorrectly verified to Experian and Trans Union that its reporting of its False Tradeline was accurate.

20. On March 22, 2021, Plaintiff obtained her Trans Union credit disclosure, which showed that Exeter failed or refused to delete the False Tradeline.

21. On March 20, 2021, Plaintiff obtained her Experian credit disclosure, which showed that Exeter failed or refused to delete the False Tradeline.

22. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681,

*et seq.*, Plaintiff has suffered credit and emotional damages. Plaintiff has also experienced undue stress, embarrassment, humiliation, and anxiety due to Defendants' failure to correct the errors in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXETER FINANCE, LLC

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Experian and Trans Union of Plaintiff's consumer dispute of the False Tradeline, Exeter negligently failed to conduct a proper investigation of Plaintiff's dispute as required by 15 USC 1681s-2(b).

25. Exeter negligently failed to review all relevant information available to it and provided by Experian and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b) and failed to direct Experian and Trans Union to remove and replace the payment status and remove the remarks from the False Tradeline.

26. The False Tradeline is inaccurate and creates a misleading impression on Plaintiff's consumer credit file with Experian and Trans Union to which it is reporting such tradeline.

27. As a direct and proximate cause of Exeter's negligent failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

28. Exeter is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

29. Plaintiff has a private right of action to assert claims against Exeter arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Exeter for damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXETER FINANCE LLC**

30. Plaintiff realleges the above paragraphs as if recited verbatim.

31. After being informed by Experian and Trans Union that Plaintiff disputed the accuracy of the information it was providing, Exeter willfully failed to conduct a proper reinvestigation of Plaintiff's dispute, and willfully failed to direct Experian and Trans Union to remove and replace the payment status and remove the remarks from the False Tradeline.

32. Exeter willfully failed to review all relevant information available to it and provided by Experian and Trans Union as required by 15 USC 1681s-2(b).

33. As a direct and proximate cause of Exeter's willful failure to perform its duties under the FCRA, Plaintiff has suffered damages, mental anguish, suffering, humiliation, and embarrassment.

34. Exeter is liable to Plaintiff for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier of fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and costs she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Exeter for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT III

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

37. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

38. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

39. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Experian is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

44. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

45. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

46. After receiving Plaintiff's consumer dispute to the False Tradeline, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Experian is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## **COUNT V**

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION**

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

51. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

52. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

53. After receiving Plaintiff's consumer dispute to the False Tradeline, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Trans Union is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

56. Plaintiff realleges the above paragraphs as if recited verbatim.

57. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 USC 1681a.

58. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

59. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 USC 1681e(b).

60. After receiving Plaintiff's consumer dispute to the False Tradeline, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

61. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Plaintiff has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

62. Trans Union is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Trans Union for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: April 30, 2021

By: /s/ Daniel Brennan
Daniel Brennan, Esq.
Credit Repair Lawyers of America
GA Bar Number 271142
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (404) 591-6680
E-Mail: daniel@crlam.com
*Attorneys for Plaintiff*
